# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS TOBLER, et al., | Case No. 2:18-CV-2220 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SABLES, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Bayview Loan Servicing, LLC ("Bayview"); the Bank of New York Mellon ("BNYM"); and Sables, LLC's ("Sables") (collectively "defendants") motion to dismiss. (ECF No. 7). Plaintiffs Cindi Tobler and Dennis Tobler (the "Toblers") filed a response (ECF No. 13), to which defendants replied (ECF No. 17).

Also before the court is the Toblers' motion for temporary restraining order. (ECF No. 9). Defendants filed a response (ECF No. 16), to which the Toblers replied (ECF No. 18).

Also before the court is the Toblers' motion for preliminary injunction. (ECF No. 10). Defendants filed a response (ECF No. 16), to which the Toblers replied (ECF No. 18).

Also before the court is the parties' stipulation to extend time for defendants to file a reply in support of their motion to dismiss and to file responses to the Toblers' motions for temporary restraining order and preliminary injunction. (ECF No. 14).

**I. Facts**

This action arises from a dispute over real property located at 2112 Lady Lake Street, Las Vegas, Nevada 89128 ("the property"). (ECF No. 1-1).

The Toblers purchased the property in July 2001. *Id*. On December 29, 2004, the Toblers refinanced the property with a loan in the amount of $428,000.00 from RNB, Inc. dba

**James C. Mahan**
**U.S. District Judge**

Cornerstone Mortgage ("RNB"). (ECF No. 1-2). RNB secured the loan with a deed of trust, which names RNB as the lender, Chicago Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On October 17, 2011, BNYM acquired all beneficial interest in the deed of trust via an assignment and appointed Sables as the trustee. (ECF Nos. 1-1, 7).

Defendants claim that the Toblers fell behind on their mortgage payments in 2010. (ECF No. 16). From September 2014 to July 2018, the Toblers and defendants engaged in three separate mediations to resolve their delinquent payments pursuant to the Nevada Foreclosure Mediation Rules ("FMR"). (ECF Nos. 1-1, 16). All three mediations failed to reach a settlement. *Id*. The Toblers allege that the mediations failed due to BNYM's bad faith and failure to produce original documents. *Id*.

On October 18, 2018, defendants recorded a notice of trustee's sale with the Clark County recorder's office, stating an estimated sale amount of $638,928.10. (ECF No. 16-1). On that same day, defendants served the Toblers with the notice of trustee's sale. (ECF No. 1-1).

On November 1, 2018, the Toblers initiated this action in Nevada state court. *Id*. In their state court complaint, the Toblers allege four causes of action: (1) contractual breach of the implied covenant of good faith and fair dealing; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) declaratory judgment; and (4) injunctive relief. *Id*.

On November 19, 2018, defendants removed this action to federal court. (ECF No. 1). On December 14, 2018, defendants filed a motion to dismiss. (ECF No. 7). On December 21, 2018, the Toblers filed emergency motions for temporary restraining order and preliminary injunction. (ECF Nos. 9, 10). On December 26, 2018, the parties stipulated that the motions were no longer an emergency because defendants continued the foreclosure sale approximately 45 days. (ECF No. 11).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

As a preliminary matter, the court will grant the parties' stipulation to extend the deadlines for defendants to file a reply in support of their motion to dismiss and to file responses to the Toblers' motions for temporary restraining order and preliminary injunction. Accordingly, the court will treat defendants' reply (ECF No. 17) and responses (ECF No 16) as having been timely filed.

The defendants move to dismiss the Toblers' complaint as a matter of law because the Toblers' did not timely seek judicial review of statutorily mandated foreclosure mediation. (ECF No. 7). The court agrees.

The Toblers assert two substantive causes of action: (1) contractual breach of the implied covenant of good faith and fair dealing, and (2) tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 1-1). The Toblers allege that defendants breached these implied covenants by participating in the foreclosure mediations in bad faith, failing to produce original documents as required by law, and failing to offer a plan of resolution as required by law. (ECF Nos. 1-1, 13). Thus, the Toblers seek judicial review of the foreclosure mediations. *See* NRS 107.086(6) (providing that courts may judicially review the beneficiary of a deed of trust or its representative's conduct in foreclosure mediation).

The mediator filed a statement on July 24, 2018, in which the mediator concluded that defendants participated in good faith and provided the necessary documents. (ECF No. 16-1). If the Toblers wished to contest the validity of the foreclosure mediation, they were required to file a petition for judicial review within 10 days of receiving the mediator's statement. Foreclosure Mediation Rule 20(2) ("Following submission of the mediator's statement, within 10 days, either party may submit a request for appropriate relief.").

The Toblers did not request judicial relief within the 10-day time period. (ECF No. 16-1). As a result, the mediation program issued a certificate on September 21, 2018, allowing BNYM to proceed with the foreclosure sale. *Id.* In light of this procedural history, the Foreclosure Mediation Rules bar the Toblers' claims. *See Hine v. Bank of America, N.A.*, No.

2:11-cv-1537, 2012 WL 273385 at *4 (D. Nev. Jan. 30, 2012) (holding that plaintiff cannot challenge the foreclosure mediation because he failed to timely file a petition for judicial review).

Accordingly, because the Toblers' substantive claims fail as a matter of law, the court will dismiss this case with prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED the parties' stipulation to extend time (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 7) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that the Toblers' motion for temporary restraining order (ECF No. 9) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the Toblers' motion for preliminary injunction (ECF No. 10) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the Toblers' complaint (ECF No. 1-1) be, and the same hereby is, DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED January 28, 2019.

_____
UNITED STATES DISTRICT JUDGE